KD: USAO# 2025R00304

FILED _____ ENTERED
LOGGED _____ RECEIVED

OCT 2 2 2025

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL NO.** SAG-25-320 |
| v. | **(Theft of Government Property, 18 U.S.C. § 641; Forfeiture Allegations)** |
| MARK MEREDITH, | |
| Defendant. | |

## INDICTMENT

### COUNT ONE
### (Theft of Government Property)

The Grand Jury for the District of Maryland charges that:

### Introduction

At times relevant to this Indictment:

1.    The Social Security Administration ("SSA") was an agency of the United States government that administered programs under the Social Security Act, Title 42, United States Code, Section 301 ("the Act"). SSA headquarters was located in Woodlawn, Maryland, in Baltimore County.

2.    SSA programs included Social Security Title II Retirement, Survivors, and Disability Insurance ("RSDI"), which provided monthly cash benefits to retired workers, also known as beneficiaries or claimants, and upon death, RSDI might provide benefits to their dependents and survivors. Eligible dependents and survivors could include their dependent parents, spouses, and ex-spouses, children, and adult children with a disability acquired before their 22nd birthday.

3.    Beneficiaries who were incapable of managing RSDI benefits could select a Representative Payee to manage their RSDI funds.

4.     An individual or organization became a Representative Payee by submitting an application under the penalty of perjury. Said application provided the Representative Payee with notice of their responsibilities and obligations, and included notice that an individual or organization may be punished under Federal law by fine, imprisonment, or both for misuse of Social Security benefits; notice that Representative Payees must notify SSA if the claimant died; and notice that funds must be used for the claimant's current needs or saved for their needs.

5.     On or about January 18, 2017, **MARK MEREDITH ("MEREDITH")** applied to serve as a Representative Payee for his now deceased grandmother, initials N.R.

6.     Beginning in or around January 2017, **MEREDITH** began receiving monthly RSDI benefit payments, for N.R., via deposits into an Irrevocable Living Trust bank account where **MEREDITH** was listed as a Trustee on the account.

7.     N.R. died on or about March 3, 2020.

8.     **MEREDITH** did not notify SSA of his grandmother's death and continued receiving benefit payments into the Irrevocable Living Trust bank account, intended for N.R's needs, until in or around April 2025, resulting in an overpayment of $62,679.10.

9.     **MEREDITH** used $62,679.10 in RSDI funds for his personal use.

### The Charge

10.    Between in or about March 2020 and in or about April 2025, in the District of Maryland, the defendant,

**MARK MEREDITH,**

did willfully and knowingly embezzle, steal, and convert to his use, money of the United States, whose value exceeded $1,000, namely, RSDI benefit payments, from the United States Social Security Administration, to which he was not entitled.

18 U.S.C. § 641

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.  Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(l)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction of the offense charged in Count One of this Indictment.

2.  Upon conviction of the offense set forth in Count One, the Defendant,

### MARK MEREDITH,

shall forfeit to the United States pursuant to 18 U.S.C. § 98l(a)(l)(C) and 28 U.S.C. § 246l(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.  The property to be forfeited includes but is not limited to, a money judgment in the amount of at least $62,679.10 in U.S. currency.

4.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or,

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated

by 28 U.S.C.§ 2461(c), to seek forfeiture of any other property of the Defendant up

to the value of the forfeitable property.

18 U.S.C. § 981(a)(l)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

**SIGNATURE REDACTED**

FOREPERSON

Date: October 22 , 2025